NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3097
_____

JAMES V. WALLACE,
                              Appellant

v.

WARDEN DAVID EBBERT;
KEVIN BITTENBENDER, D.H.O.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-01936)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2012

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: November 20, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant, James V. Wallace, is a federal prisoner proceeding pro se.  On August

23, 2010, while he was an inmate at the Allenwood Federal Correctional Institution in

White Dear, Pennsylvania, ("FCI-Allenwood"), he was issued an incident report for

violating the Federal Bureau of Prisons ("BOP") Prohibited Acts Code 112, which prohibits the use of any narcotics not prescribed by medical staff. See 28 C.F.R. § 541.3, tbl. 1. According to the incident report, Wallace's August 17, 2010 urine sample had tested positive for opiates. On September 3, 2010, at a hearing before a Disciplinary Hearing Officer ("DHO"), Wallace admitted the charge against him. Based on Wallace's admission and other evidence, the DHO sustained the disciplinary charge. After noting that this was Wallace's fourth Code 112 violation, and explaining the seriousness of the offense, the DHO sanctioned him as follows: (1) loss of eighteen months of telephone privileges, as well as three years of visiting privileges; (2) disciplinary segregation of sixty days; (3) disallowance of fifty-four days of good time credit; and (4) forfeiture of 458 days of non-vested good time credit.

On October 19, 2011, Wallace filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that the DHO impermissibly relied on his prior Code 112 violations to "enhance" the sanctions pertaining to his good time credits. According to Wallace, the sanctions were "harsh and unjust," and violated both 28 C.F.R. § 541.3 and BOP Program Statement 5270.09, which outlines the inmate discipline program in accordance with the underlying regulation. The District Court denied the petition, and Wallace timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We exercise plenary review over the District Court's legal conclusions and

2

review its factual findings for clear error.  See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The District Court correctly concluded that Wallace's punishment fell within the range of acceptable punishments outlined in the applicable regulations.[1]  Pursuant to Table 1 of 28 C.F.R. § 541.3, the DHO was permitted to "[f]orfeit and/or withhold . . . non-vested good conduct time (up to 100%)," and "[d]isallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for a year."  Wallace's loss of 458 days of non-vested good conduct time was clearly permitted by this regulation, and, although the loss of 54 days of good conduct time exceeded the "ordinar[y]" sanction, nothing in Table 1 prohibited the DHO from disallowing a greater percentage of his good conduct time in an effort to deter him from future infractions—especially given his history of Code 112 violations.  Furthermore, while Wallace argues that the DHO was not permitted to enhance his punishment under Table 2 based on prior offenses that were more than two years old, see 28 C.F.R. § 541.3, tbl. 2 ("Additional Available Sanctions for Repeated Prohibited Acts Within the Same Severity Level"), the DHO did not rely on Table 2 to determine his punishment; rather, as previously noted, the DHO imposed sanctions permitted under Table 1.

For these reasons, we will affirm the District Court's judgment.

---

[1] The District Court also determined that Wallace received all of the process he was due during the disciplinary proceedings.  See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); Superintendent v. Hill, 472 U.S. 445, 454 (1985).  Wallace does not challenge this ruling on appeal, and we see no error in the District Court's reasoning.